**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**ABRAHAM GRANT, SR.
ADC #128147**                                                                                       **PLAINTIFF**

**V.**                             **NO. 5:12CV00317 DPM/BD**

**JENNIFER MCBRIDE, et al.**                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believe to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United State District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## II.   Background

Plaintiff Abraham Grant, Sr., filed a 42 U.S.C. § 1983 complaint alleging that the Defendants violated his constitutional rights by failing provide his heart, cholesterol, and migraine medications. (#2 at pp. 4-5) He asserts that months have passed since he has received those medications and attributes the situation to Defendants' deliberate indifference to his serious medical needs. *Id.* He also claims that Defendant Iko intentionally interfered with his treatment by stopping his medication. *Id.*

Defendants Newton, Iko, and McBride filed motions for summary judgment[1] (#24, #39), contending that Mr. Grant failed to exhaust his administrative remedies with respect to Grievances VSM-12-01750 ("1750"), VSM-12-01751 ("1751"), and VSM-12-01752 ("1752"). In response, Mr. Grant asserts that he attempted to exhaust, but Deputy Director for Health and Correctional Programs, Wendy Kelley, rejected his appeal without cause, in violation of the ADC grievance policy. (#27, at pp. 15-17)

On November 20, 2012, the Court entered an order (#35) notifying the parties of its intent to consider summary judgment as to all defendants. The order gave the parties

---

[1] Defendant Floyd Brown has filed an answer but has not moved for summary judgment. (#16 at p. 2)

fourteen days to file a response setting forth any facts genuinely in dispute. (#35) The parties have not responded to the Court's order.

### III.   Discussion

   *A.   Summary Judgment Standard*

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party must go beyond the pleading and, by deposition, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial."  FED.R.CIV.P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005)(internal citation omitted) ("The nonmoving party may not rest on mere allegation or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.")  If the opposing party fails to show that there are specific, important facts in dispute, summary judgment should be granted.  See *Celotex*, 477 U.S. at 322.

   *B.   Exhaustion*

The Prison Litigation Reform Act of 1995 ("PLRA") requires prisoners to exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available

remedies "must be exhausted before a complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If a claim is not exhausted by the time a lawsuit is filed, the Court must dismiss that claim. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In *Jones*, the Supreme Court clarified that "the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 127 S.Ct. at 923. Prisoners can be excused from completing administrative procedures, but only when correctional officials have prevented them from using the procedures or when the officials themselves have not complied with the administrative procedures. *Miller v. Norris, supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001).

Administrative Directive 10-32 and Administrative Directive 12-16, which superseded it, contain the Arkansas Department of Correction Grievance Procedure in effect during the time period relevant to this lawsuit.[2] (#26-1 at pp. 21-38) According to Administrative Directives 10-32(IV(G)(6) and 12-16(IV)(G)(6), the inmate should be

---

[2] Administrative Directive 12-16, which became effective May 28, 2012, superseded Administrative Directive 10-32.

notified of the reason his grievance appeal was rejected on the Acknowledgment of Grievance Appeal/Rejection of Appeal form. (#26-1 at p. 32)

Here, Mr. Grant filed three grievances relating to his blood pressure, migraines, and heart medications, and all of the grievances were received on May 15, 2012. (#2, at pp. 7-15) While these grievances were deemed to have merit, all three were rejected at the final stage in the grievance process because Mr. Grant failed to follow policy. (#26-1 at pp. 39-40) (#27 at p. 16) Therefore, Mr. Grant has failed to exhaust his administrative remedies unless he can establish that ADC officials prevented him from using the administrative process or that ADC officials failed to comply with administrative procedures.

Mr. Grant has attached an incomplete Acknowledgment of Grievance Appeal/Rejection of Appeal form to his response to the summary judgment motion and claims that Ms. Kelly never sent him a completed form advising him of the policy he failed to follow related to grievances 1750, 1751, and 1752. (#27 at pp. 16-17) If this blank form and the reason "failure to follow policy" (#27 at p. 16) are the only explanations Mr. Grant was given as to why his appeals were rejected, then ADC officials would have failed to comply with its administrative procedures.

However, Defendants have replied to Mr. Grant's response to their motion; and they have attached the affidavit of Sherrie Williams, an ADC Medical Grievance Investigator. Ms. Williams avers that Mr. Grant was provided with completed rejection-

of-appeal forms. These forms are attached to Ms. Williams's affidavit and clearly indicate that grievances 1750, 1751, and 1752 were properly rejected due to Mr. Grant's failure to send all of the required attachments with his appeal. (#30-1 at pp. 2, 5, 8) Accordingly, ADC officials complied the ADC's administrative directives in rejecting Mr. Grant's appeals.

### IV. Conclusion

Mr. Grant did not fully exhaust grievances related to his deliberate-indifference and intentional-interference claims prior to filing this lawsuit. Accordingly, the Court recommends that the Defendants' motions for summary judgment (#24, #39) be GRANTED, and that Mr. Grant's claims be DISMISSED, without prejudice, as to all Defendants. It is further recommended that Judge Marshall deny all of Mr. Grant's pending motions (#17, #34) as moot.

DATED this 7th day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE